```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

```
MICHAEL RAYE DANNER,             :
                                 :
        Plaintiff,               :
vs.                              :
                                 :  CIVIL ACTION 07-0221-WS-M
MOBILE COUNTY, et al,            :
                                 :
        Defendants.              :
```

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, a federal prison inmate proceeding <u>pro se</u>, filed a complaint under 42 U.S.C. § 1983 (Doc. 1). This action, which has been referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72.2 (c)(4), is before the Court for Plaintiff's failure to prosecute.

Plaintiff's copies of the Court's Orders dated February 15, 2008 and March 25, 2008 were returned to the Court with the notation "undeliverable as addressed" (Docs. 14, 17). The Court contacted the Conecuh County Sheriff's Office and discovered that its address had been changed by 911 authorities, and that postal officials would not deliver the mail unless it was properly addressed. On April 11, 2008, the Clerk was directed to change Plaintiff's address on the docket and re-send the Court's Orders dated February 15, 2008 and March 25, 2008, to Plaintiff at 104 Liberty Street, Evergreen, AL 36401, address along with a copy of the § 1983 complaint form (Doc. 18). The time for Plaintiff to

respond to the Court's Orders dated February 15, 2008 and March 25, 2008 (Docs. 12, 16) was extended to May 9, 2008.  Plaintiff was warned that his failure to comply with the Court's Orders within the prescribed time or to advise the Court of a change in address would result in the dismissal of this action for failure to prosecute and to obey the Court's Orders.  To date, Plaintiff has not responded in any manner to the Court's Orders, nor has Plaintiff's copy of the Orders been returned to the Court.  The Court finds that Plaintiff has abandoned prosecution of this action.

Upon consideration of other available alternatives, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734, 738 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1993). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent

power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); <u>Malautea v. Suzuki Motor Co.</u>, 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), <u>cert. denied</u>, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the

      objection may be deemed an abandonment of the
      objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 11th day of June, 2008.


                                        <u>s/BERT W. MILLING, JR.</u>
                                        UNITED STATES MAGISTRATE JUDGE